IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| TERENCE MERRITT, | ) |
| Petitioner, | ) |
| v. | ) Case No. 18-cv-02305 |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge:**

This cause is before the Court on Petitioner Terence Merritt's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (d/e 1). As explained below, Petitioner is entitled to relief on his claim that his conviction and 10-year sentence of imprisonment under 18 U.S.C. § 924(c) are unconstitutional. Accordingly, Petitioner's § 2255 motion is GRANTED.

**I. BACKGROUND**

On October 5, 2006, Petitioner and a co-defendant, Francisco Antonio Villalobos, were charged in a two-count Indictment with kidnapping, in violation of 18 U.S.C. § 1201, and using and

carrying a firearm during a crime of violence, in violation of 18 U.S.C. §§ 924(c) and 2. United States v. Villalobos et al., Case No. 06-cr-20067 (hereinafter, Crim.), Indictment (d/e 7). The "crime of violence" referenced in Count Two of the Indictment was the kidnapping offense charged in Count One. Id. On December 14, 2006, Petitioner pleaded guilty on both counts.

Petitioner's guilty pleas were made pursuant to a written plea agreement. See Crim., Plea Agreement (d/e 13). In the plea agreement, Petitioner acknowledged that Villalobos had fired a gun during the commission of the kidnapping offense. Id. ¶ 20. Petitioner also waived his right to collaterally attack his sentences or convictions. Id. ¶ 9. This waiver included any challenges to Petitioner's sentences or convictions through a motion brought under 28 U.S.C. § 2255. Id.

Prior to Petitioner's sentencing hearing, the United States Probation Office filed a Presentence Investigation Report (PSR). Crim., PSR (d/e 21). With respect to Count One of the Indictment, Petitioner's statutory maximum term of imprisonment was life. Id. ¶ 66; see also 18 U.S.C. § 1201(a) (2006). Because a firearm was discharged during the commission of the kidnapping offense,

Petitioner was statutorily required to serve a 10-year sentence on Count Two consecutive to the sentence imposed on Count One. Crim., PSR, ¶ 67; see also 18 U.S.C. § 924(c)(1)(A)(iii) (2006).

On March 30, 2007, Judge Michael P. McCuskey sentenced Petitioner to 240 months' imprisonment on Count One. See Crim., Judgment, (d/e 26), at 2. Judge McCuskey sentenced Petitioner to 120 months' imprisonment on Count Two, to be served consecutively to the term of imprisonment imposed on Count One. Id. Petitioner was also sentenced to five years of supervised release on each count, with the terms of supervised release to be served concurrently. Id. at 3. Petitioner did not file an appeal.

On November 27, 2018, Petitioner filed his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.[1] Petitioner claims that his conviction and sentence for using and carrying a firearm during a crime of violence is unconstitutional because kidnapping no longer qualifies as a

---

[1] Although Petitioner's § 2255 motion was not received by the Clerk until December 3, 2018, Petitioner indicates that the motion was placed in the prison mailing system on November 27, 2018. See Motion (d/e 1), at 11. The Houston mailbox rule applies to Petitioner's motion. See Jones v. Bertrand, 171 F.3d 499, 502 (7th Cir. 1999). Therefore, the motion is deemed as having been filed on November 27, 2018.

crime of violence after the Supreme Court's decision in <u>Sessions v. Dimaya</u>, 138 S. Ct. 1204 (2018). <u>See</u> Motion (d/e 1), at 4.

On June 24, 2019, the Supreme Court announced its decision in <u>United States v. Davis</u>, 139 S. Ct. 2319 (2019). The Court held that judges must use the categorical approach to determine if an offense is a crime of violence under 18 U.S.C. § 924(c) and that § 924(c)'s residual clause is unconstitutionally vague. Petitioner subsequently filed a motion to supplement his § 2255 motion with argument based on <u>Davis</u>. The Court granted the motion.

On December 2, 2019, the Government filed its Response to the Petitioner's Section 2255 Motion (d/e 8). The Government concedes that kidnapping in violation of 18 U.S.C. § 1201 no longer qualifies as a crime of violence with respect to 18 U.S.C. § 924(c), that Petitioner's claim that § 924(c)(3)(B) is unconstitutionally vague presents a cognizable claim for relief under 28 U.S.C. § 2255, and that <u>Davis</u> announced a new substantive rule that applies retroactively to cases on collateral review. Response (d/e 8), ¶¶ 10-12. In addition, the Government does not raise procedural default or Petitioner's collateral attack waiver in the plea agreement as barring Petitioner's relief pursuant to § 2255. <u>Id.</u> ¶¶ 10, 14.

Rather, the Government agrees that Petitioner's conviction and sentence on Count Two of the Indictment should be vacated and that Petitioner should be resentenced on his kidnapping offense. Id. ¶ 15.

## II. ANALYSIS

A person convicted of a federal crime may move to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Relief under § 2555 is an extraordinary remedy because a § 2255 petitioner has already had "an opportunity for full process." Almonacid v. United States, 476 F.3d 518, 521 (7th Cir. 2007). Post-conviction relief under § 2255 is "appropriate for an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." Harris v. United States, 366 F.3d 593, 594 (7th Cir. 2004) (internal quotation marks omitted).

Petitioner argues that his conviction and sentence for using and carrying a firearm during a crime of violence under 18 U.S.C. § 924(c) violate the Constitution because § 924(c)'s residual clause is unconstitutionally vague. The Government's decision not to argue in its response that Petitioner's claim is procedurally barred

or barred by Petitioner's collateral attack waiver operates as a waiver of any argument that Petitioner is not entitled to relief due to procedural default or the collateral attack waiver.  See Buggs v. United States, 153 F.3d 439, 444 (7th Cir. 1998) (holding that the Government had waived the petitioner's procedural default by not arguing that the petitioner's claim was procedurally defaulted); United States v. Kieffer, 794 F.3d 850, 852 (7th Cir. 2015) (holding that the Government had waived reliance on the defendant's appeal waiver in the parties' plea agreement by submitting a brief that did not address the appeal waiver).  The Court, therefore, proceeds to analyze the merits of Petitioner's claim.

A "crime of violence" under § 924(c) is defined as a felony offense that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) [ ] by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).  Section 924(c)(3)(A) is referred to as the "force clause," and § 924(c)(3)(B) is referred to as the "residual clause."

See United States v. Jenkins, 849 F.3d 390, 392 (7th Cir. 2017), reh'g denied (Apr. 20, 2017), cert. denied, 137 S. Ct. 2280 (2017), and cert. granted, judgment vacated on other grounds, 138 S. Ct. 1980 (2018). As noted above, the Supreme Court recently held that § 924(c)'s residual clause is unconstitutionally vague. See Davis, 139 S. Ct. at 2336.

Further, Davis applies retroactively on collateral review. Generally, "new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced." Teague v. Lane, 489 U.S. 288, 310 (1989). However, new substantive rules generally apply retroactively, as do new "'watershed rules of criminal procedure,'" which are procedural rules "implicating the fundamental fairness and accuracy of the criminal proceeding." Welch v. United States, 136 S. Ct. 1257, 1264 (2016) (internal citations omitted).

Davis is undoubtedly a new rule as applied to Petitioner's case. See Teague, 489 U.S. at 301 ("[A] case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final."). Moreover, Davis is a substantive decision because it has "changed the substantive reach

of [§ 924(c),] altering 'the range of conduct or the class of persons that the [statute] punishes.'" Welch, 136 S. Ct. at 1265 (citing Schriro v. Summerlin, 542 U.S. 348, 351 (2004)). Accordingly, the Court finds that Petitioner can attack the validity of his conviction and sentence for using and carrying a firearm during a crime of violence in a § 2255 motion relying on Davis.

Because Davis invalidated § 924(c)'s residual clause, Petitioner's kidnapping offense would qualify as a crime of violence under § 924(c) only if the offense satisfied § 924(c)'s force clause. However, in 2017, the Seventh Circuit held that kidnapping under 18 U.S.C. § 1201(a) does not qualify as a crime of violence under § 924(c)'s force clause.[2] Jenkins, 849 F.3d at 394.

Given Davis and Jenkins, Petitioner's conviction and sentence for using and carrying a firearm during a crime of violence in violation of 18 U.S.C § 924(c) are unconstitutional because kidnapping in violation of 18 U.S.C. § 1201 is not a crime of

---

[2] While this decision was vacated by the Supreme Court and remanded for further consideration in light of Sessions v. Dimaya, the Seventh Circuit has again entered judgment vacating Jenkins' conviction in light of Davis, and its holding that kidnapping under 18 U.S.C. § 1201(a) does not qualify as a crime of violence under § 924(c)'s force clause remains valid. See United States v. Jackson, 932 F.3d 556, 557 (7th Cir. 2019).

violence under § 924(c). The Government agrees. Petitioner is therefore entitled to relief under § 2255, and his conviction and sentence for using and carrying a firearm during a crime of violence in violation of 18 U.S.C § 924(c) must be vacated.

### III. CONCLUSION

For the reasons stated, Petitioner Terence Merritt's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (d/e 1) is GRANTED. Petitioner's conviction and sentence on Count Two of the Indictment in Case No. 06-20067 for using and carrying a firearm during a crime of violence in violation of 18 U.S.C § 924(c) are VACATED.

As vacating Petitioner's conviction and sentence on Count Two may impact the applicable sentencing guidelines and the appropriate sentence on Count One, a complete resentencing is appropriate. See United States v. Mobley, 833 F.3d 797, 801 (7th Cir. 2016) (noting that district courts can "reconfigure the sentencing plan so as to satisfy the sentencing factors in 18 U.S.C. § 3553(a)" after a portion of a sentencing package is vacated) (internal quotation marks omitted). Accordingly, a resentencing hearing in Case No. 06-cr-20067 is hereby set for Thursday,

January 30, 2020, at 3:00 p.m. in Courtroom I in Springfield, Illinois, before United States District Judge Sue E. Myerscough. Petitioner shall remain in the custody of the Bureau of Prisons while awaiting his resentencing hearing.

Petitioner's Motion to Cite Additional Authority (d/e 9) is DENIED as MOOT.  This case is CLOSED.

ENTER:  December 5, 2019

/s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE